NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY DWAYNE BROOKS,

Defendant - Appellant.

No. 25-6630

D.C. No.
2:19-cr-00147-RSM-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted July 29, 2026**

Before:    S.R. THOMAS, McKEOWN, and MENDOZA, JR., Circuit Judges.

Jeffrey Dwayne Brooks appeals from the district court's judgment revoking

his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

affirm.

Brooks contends that the admission of hearsay evidence during his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

revocation hearing violated his due process right to confront adverse witnesses. He argues that AB was not available as a witness because she selectively invoked the Fifth Amendment, and therefore the district court was required to conduct the balancing test described in *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999), before admitting hearsay evidence.

Assuming without deciding that the district court was required to conduct the balancing test notwithstanding AB's presence at the hearing, the court's failure to conduct it was harmless. *See United States v. Walker*, 117 F.3d 417, 420-21 (9th Cir. 1997). The district court treated a substantial portion of the contested evidence as excited utterance, *see* Fed. R. Evid. 803(2), which Brooks does not meaningfully dispute. To the extent the contested evidence fell outside that exception, it was reliable and corroborated by the other evidence. On this record, Brooks's due process rights were not violated by the court's failure to conduct the balancing test or by the admission of any hearsay evidence. *See United States v. Hall*, 419 F.3d 980, 986-89 (9th Cir. 2005) (no due process violation where much of the contested evidence was admissible under hearsay exceptions and the remaining hearsay evidence bore "independent indicia of reliability").

Brooks also challenges the admission of the toxicology report that supported a sixth violation. Brooks did not object to the admission of the report in the district court, however, and any error in its admission was not prejudicial because the sixth

violation did not affect the Guidelines range, and the record reflects that the court based the sentence on the other five violations. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

**AFFIRMED.**